UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTINA MARIE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-38 CAS |
| | ) | |
| ST. LOUIS COUNTY POLICE DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, after reviewing the complaint, the Court finds that several of the defendants should be dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 679.

**The Complaint**

Plaintiff alleges that on January 13, 2014, St. Louis County officials seized twenty-two cats from her motel room. The cats were taken to the St. Louis County Animal Care and Control Shelter (the "Shelter").

Plaintiff says that during the seizure defendant police officer Derek Machens "bashed [her] head into a concrete brick wall twice." She says she has permanent eye damage as a result. She also claims he threw her to the ground, stood on top of her, and forced her to stand outside without shoes or a jacket for more than fifteen minutes in the cold winter air. She claims that defendants Jane Doe 1 and S. Pijut, an animal control officer, also participated in the abuse.

On January 28, 2014, defendant Machens filed an application for a search warrant to inspect the cats at the Shelter. In re Mitchell, No. 14SL-MC01127 (St. Louis County).[1] The court granted the request. Id. On February 27, 2014, the court entered judgment against plaintiff. Id. The court stated:

> After considering the evidence and the argument, the Court finds that the animals described in attached Exhibit 1 were lawfully impounded on January 28, 2014 [sic] under a valid warrant and under the authority of RSMo. 578.018.1. The Court further finds that all the requirements of RSMo. 578.018 have been satisfied, and that said impounded animals were abused and neglected as defined by Missouri statutes RSMo. 578.012 and 578.009.

*Id.*

Exhibit 1 is a letter from defendant Dr. Stephanie Nelson, a veterinarian with St. Louis County Animal Care and Control, describing each of the cats' sicknesses. Dr. Nelson stated, "If the cats had been taken to a veterinarian, they could have been easily diagnosed and treated. The

---

[1] The Court takes judicial notice of the state court file. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

2

illnesses that these cats have were exacerbated by the living conditions and amount of cats. Based on the exam and my professional opinion the cats have been abused and neglected." Id.

Plaintiff alleges that during his deposition, Machens committed perjury about the circumstances of the seizure of the cats. And she says that defendant Marlo Lamb maliciously prosecuted her for animal abuse.[2]

Plaintiff claims that several defendant animal control officers violated her rights by calling 911 "almost every time she went up to animal control headquarters . . ."

She says that defendant Dr. Nelson committed perjury by "stating that the cats had herpes in an attempt to get the 22 cats euthanized. However, in Exhibit 1, Dr. Nelson stated that the cats were being treated for their illnesses. And herpes is not mentioned in the exhibit.

Plaintiff appealed from the trial court's judgment. In re Mitchell, No. ED101303 (Mo. Ct. App.). The appeal was dismissed on procedural grounds. Id.

**Discussion**

Plaintiff's allegations against Machens and Pijut for excessive force state a plausible claim under § 1983. The Court also finds that plaintiff's claim that Machens committed perjury in the state court should not be dismissed at this time. Therefore, the Court will direct the Clerk to serve process on these defendants.

Plaintiff's claim against Machens for filing the January 28, 2014, search warrant request is frivolous. Plaintiff believes that "filing a search warrant 11 days after the initial arrest on January 13, 2014, was in a conspiracy to commit a cover up over the arrest and violated [her] right to illegal search and seizure." However, the January 28 request was to inspect the cats at

---

[2] The prosecution appears to be in a separate criminal case: Missouri v. Mitchell, No. 14SL-CR02999 (St. Louis County). Id. (Mtn. to Inspect and Unseal R. in Disposition Hr'g and Suggestions in Supp., Jan. 6, 2015).

3

the Shelter. It was not a request to search her motel room on January 13. Therefore, plaintiff's allegations are incorrect.

To the extent that plaintiff is alleging that the January 13, 2014, seizure of her cats violated the Fourth Amendment, her claim fails because it is wholly conclusory and does not state any facts, which if proved, would give rise to relief.

Plaintiff's claims against the remaining animal control officers do not state a claim upon which relief can be granted. Calling 911 does not violate the Constitution.

Plaintiff's claim against St. Louis County also fails to state a claim upon which relief can be granted. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint, however, does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Plaintiff's claims against defendants in their official capacities must be dismissed for this reason as well. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Plaintiff's claim against the St. Louis County Police Department is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff's complaint is legally frivolous as to defendant Marlo Lamb because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

4

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has not sufficiently alleged specific allegations regarding Jane Doe 1 to ascertain her identity during discovery. As a result, the Court will dismiss Jane Doe 1 without prejudice. If plaintiff is able to learn her identity in the future, he may file a motion for leave to file an amended complaint.

Finally, to the extent that plaintiff is challenging the court's judgment impounding the cats, the Court must abstain under the Rooker-Feldman doctrine. "The *Rooker–Feldman* doctrine . . . [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, this Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).

For each of these reasons, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. 2)

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Derek Machens and S. Pijut.

**IT IS FURTHER ORDERED** that defendants St. Louis County Police Department, Justin Jones, Samantha Crespo, Jane Doe 1, St. Louis County, Marlo Lamb, Rebecca Smaill, Drew Hanes, Jane Doe 2, Charlitta Lilly, Jane Melanie Doe 3, John Doe 1, Mr. Unknown Jackson, Stephanie Nelson, E. Zambruski, and M. Pantano are **DISMISSED** without prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of March, 2016.